The opinion of the Court, was delivered by
IIornblower, C. J.
The affidavit of Britton cannot be re *149 ceived as evidence. He is an incompetent witness; his interest is not balanced. If Alter is admitted to take a dividend under this assignment, Britton, as one of the firm of Curtis Carhart, and Co. is discharged, by force of the statute, from all further liability to him, on account of that debt: Whereas, if the property of Carhart and Britton, is applied exclusively to the satisfaction of their creditors, he remains liable, as a member of the firm of Curtis Carhart and Co. to Alter.
But suppose we take the fact as true, that Carhart and Britton, assumed the debts of the firm of Curtis Carhart and Co. of which the debt due to Alter, is one: Such an assumption might be good, as between Curtis and them, and make them responsible over to him in case he should be compelled to pay any of those debts; but it would not make the creditors of Curtis Carhart and Co. creditors of Carhart and Britton ; nor discharge the former firm, or any of its members, from their liability to such creditors; unless indeed, they had become parties to such an arrangement, and released the old firm and its members as such, from their original liability. Whatever may have been the case with other creditors of the old firm ; it is manifest that Alter never agreed to such transfer of liability; for he has exhibited his claim under oath, as a balance still due him from Curtis Carhart and Co. It is true, on the face of his account, he credits that firm, with large payments made him by Carhart and Britton, and this is some evidence ihat they had assumed the debt due from Curtis Carhart & Co., to him, but is no evidence that he had relinquished his claim against that firm, and become the creditor of Carhart and Britton, to the amount of his claim.
Alter, cannot, therefore, be admitted to come in, as a creditor of the firm of Carhart and Britton, for a dividend upon the amount claimed by them.
But 2ndly., the counsel for the defendants, with more plausibility, insists, that Carhart, and Britton, as members of the firm of Curtis Carhart & Co., are individually liable for the debt due him from that firm; and they by their present assignment, having assigned their private, individual property, as well as the property of the firm of Carhart and Britton, he is entitled to a pro rata share of their respective separate estates and property, which ought to be applied to the extinction of their individual li *150 abilities, before any part of them are appropriatad to pay the debts of the firm of Carhart and Britton.
Whether this deed of assignment has passed to the assignee the separate estates and property of Carhart and Britton, may be a question of some doubt. But, if it is an assignment not only of the partnership effects and property of the firm of Car-hart and Britton, but also an individual and several assignment by them of their respective and separate estates, then it must be treated as such. The estates and debts must be marshalled— the partnership effects applied in the first instance, to the partnership debts — the effects of Carhart, applied in the first instance to the payment of his separate debts, and in like manner, the effects of Britton to the payment of debts due from him individually. To do this, as I have said, they must be treated as separate and distinct assignments. If this deed is such a one as the defendant’s counsel supposes it to be, (and I do not sav it is not, nor that such a deed cannot lawfully be made,) then, there have been three distinct assignments made in one instrument, and by one deed; and the assignee is as much bound to treat them as three separate assignments, as if they had been made by three deeds, and at different times. He should have given notice by three several advertisements, to the several sets of creditors; the creditors of the firm, and the separate creditors of Carhart, and of Britton respectively — exhibited to the Surrogate a true inventory and valuation of each estate separately; have given to the Governor, three bonds, one upon each assignment; and in all other respects have proceeded, as if three separate assignments had been made to him by three disconnected individuals. In that way only could such a deed of assignment be carried into effect, and the several trusts executed by the assignee: in that way only could he marshal the assets, and apply them according to the settled rules of law and equity. Then Alter, might have presented his claim- to him, as assignee of Carhart individually, and demanded a dividend of his estate on the balance due from Curtís Carhart & Co. on the ground of his individual liability, and in like manner he might have claimed a dividend, if necessary out of the separate estate of Britton. But even then, Alter, as a creditor of the firm of Curtis Carhart & Co., could not have called for payment, at the hands of the assignee, out of the se *151 parate estates of Car-hart and of Britton, unless he (Alter) had first exhausted the partnership funds and effects of Curtis Car-hart & Co., or shown that that firm also, was insolvent; a fact that does not appear in this ease.
Thus, it is manifest, if this is such a compound assignment, as the defendant’s counsel supposes it to be, that the assignee is all in confusion ; and the Court of Common Pleas did wrong in admitting a creditor, of one firm, to come in for a dividend upon the estate of another firm : the decision of the Court below must therefore be reversed and set aside, upon this ground.
There was another and fatal objection taken by the counsel for the plaintiff, on the argument; namely, that the affidavit of Alter, purported to have been taken before a Justice of the Peace of the county of Philadelphia, in Pennsylvania. The 3rd section of the aet, {Rev. Laws, 674,) requires creditors to make their claims, under oath or affirmation; it does not say before whom, but, upon principle, and the uniform decisions of this Court, affidavits when required by law, must be taken before the officer prescribed, or if none is indicated by the statute, before a Judge of the Court that has jurisdiction of the subject matter,* and is to pass upon its sufficiency and effect. We cannot take notice of the acts of a foreign officer, unless required so to do by statute, or some settled rule of law, and this affidavit must therefore be treated as a nullity.
In Pennsylvania it would be considered as a voluntary affidavit, and no indictment could be founded upon it here, for it was not sworn to in this state. The case might have been shortly disposed of on this ground, but it was supposed to be more for the advancement of justice, to expose the radical errors in the case.
Ford and Ryebson, Justices, concurred.

The decision of the Court below reversed.

Cited in Smith v. Abbott, 2 Harr. 362; Linford v. Linford, 4 Dutch. 116.

See Act 14 Feb: 1839, N. J.